Dear Rep. Lambert:
You have requested an opinion from this Office as to the legality of a ninety-nine year lease between a political subdivision of the State and a nonprofit entity. Specifically, you have asked us to opine as to whether a ninety-nine year lease between the Pontchartrain Levee District ("District") and the Bluff Swamp Wildlife Botanical Gardens, Inc., for the stated consideration of $200.00 per year, is valid under the law. For the following reasons, this Office is of the opinion that such a lease is not permissible.
In order to enter into a commercial lease, levee districts must comply with the requirements of La.R.S. 38:302. That law provides, in pertinent part:
The boards of commissioners of the various levee districts may execute commercial leases of not over three years duration, except as provided in R.S. 38:320 on lands respectively owned or which may hereafter be acquired by the levee districts and levee and drainage districts for a cash consideration under the terms and conditions which the boards of commissioners of the levee districts and levee and drainage districts may deem best. (Emphasis added).
The exception noted in the above-quoted provision, i.e., La.R.S. 38:320, allows leases longer than the maximum three-year term for certain specific purposes. However, even those exceptions do not allow leases for a term longer than fifty-five years. Louisiana Revised Statute 38:320 states, in pertinent part:
A further exception to the provisions of this Section and R.S. 38:302 shall be for those leases for hunting, trapping, and fishing leases not exceeding ten years and except when leasing those lands located within, in, or when it is a part of a marina used for *Page 2 
boat mooring facilities when the terms do not exceed fifty-five years or when leasing airport facilities to a fixed base operator, bulk fuel facilities, and airport hangars when the term does not exceed fifty-five years. (Emphasis added).
It is the opinion of this Office that the term of the lease — ninety-nine years — is not permissible under the law under any circumstances.[1] In addition, the purpose of the lease does not appear to be consistent with the above-noted exceptions permitted under La.R.S. 38:320.
Based upon the language of the lease that you provided to this Office, Bluff Swamp's stated goals for its lease of the subject property are:
. . . to protect the fragile ecosystem, to educate the public on the importance of the swamp and the Louisiana culture, and to establish educational and research programs on the leased premises.
Although there is little doubt that these stated goals are noble, it is our opinion that none of these stated goals appear to meet any of the exceptions to the La.R.S. 38:302 three-year lease term provided for levee district property under La.R.S. 38:320. Thus, in answer to your question of whether the lease is valid, it is the opinion of this Office that a ninety-nine year lease of levee district property is impermissible.
The other component of the lease — the annual rate of $200.00 — only becomes a question if the term of the lease can be amended or a new lease entered into subject to the requirements of La.R.S. 38:302 and 38:320. The compensation paid to the District for the lease, in order to avoid running afoul of the prohibition against donations embodied in La.Const. Art. VII, Sec. 14(A), must be for a fair price. La. Atty. Gen. Op. No. 05-0346. As noted above, the rental for the subject property is $200.00 per annum. Because such a valuation is a factual question, we are unable to opine as to whether this amount would constitute a fair price for the lease. Should the District and Bluff Swamp amend the subject lease or enter into a new lease for the property, we recommend that the parties to the lease seek a declaratory judgment from a court of competent jurisdiction in order to ensure that this lease meets the requirements of La.Const. Art. VII, Sec. 14(A), as set forth inBoard of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 ("Cabela's"). *Page 3 
Should the subject lease be amended to comply with the statutory terms that are allowed by La.R.S. 38:302 and 38:320, we recommend that you also evaluate the lease under Cabela's to ensure compliance with La.Const. Art. VII, Sec. 14(A). Under the standards that this Office has adopted to ensure compliance with Cabela's, [2] the following will determine whether the lease constitutes a permissible expenditure or transfer of public funds:[3]
1) Does the lease comport with a governmental purpose for which the public entity (in this case, the Pontchartrain Levee District) has legal authority to pursue?
2) Does the lease, taken as a whole, appear to be gratuitous?
3) Does the public entity have a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the lease?[4]
The primary focus of this inquiry is to ensure that reciprocal obligations between the public and nonpublic entity exist so as to avoid gratuitous donations of public funds. The answer to the question of whether the subject lease constitutes a violation of La.Const. Art. VII, Sec. 14(A), based upon the above inquiry, is not one that we can provide herein. Such an inquiry is largely fact-based and the facts supporting such a determination have not been presented to this Office. In addition, because the lease fails to comply with the statutory terms noted above, we need not reach the constitutional question at all.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
JDC/RMS/jv
[1] Nothing in La.R.S. 38:320 (referenced in La.R.S. 38:302) changes this conclusion. This provision relates primarily to the compliance with public bid laws in the leasing and sale of levee board property. However, we do caution that, should the District desire to enter into another lease to remedy the terms of the current lease with Bluff Swamp, it must follow the requirements set forth in La.R.S. 38:320.
[2] See e.g., La. Atty. Gen. Op. Nos. 08-0300; 09-0004.
[3] In this regard, we believe that such an inquiry should be undertaken to determine whether the stated $200.00 per annum is a "fair value" for the lease of the subject property.
[4] In answering this question, you would also consider any nonmonetary consideration inherent in the granting of the lease.